UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS MCDANIEL,

    Petitioner,

v.

JASON BENNETT,

    Respondent.

CASE NO. 3:22-CV-5753-BHS-DWC

ORDER FOR SUPPLEMENTAL BRIEFING

The District Court has referred this action to Chief United States Magistrate Judge David W. Christel. On October 6, 2022, Petitioner Dennis McDaniel filed his federal habeas Petition ("Petition"), pursuant to 28 U.S.C. § 2254, seeking relief from his state court conviction. *See* Dkts. 1, 5. In his Petition, Petitioner raises three grounds for relief. *Id*. Respondent filed an Answer arguing that all three grounds in the Petition are unexhausted and procedurally barred. Dkt. 10.

The Court has reviewed the relevant record and finds the record indicates Petitioner may still have had available state remedies at the time he filed his federal habeas petition. "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the

federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993). If there is a state remedy available, Petitioner will need to return to the state level to exhaust his claims. *See Johnson v. Lewis*, 929 F.2d 460, 464 (9th Cir. 1991).

Here, it appears Petitioner had available state remedies when he filed his federal Petition. *See* Dkt. 1; Dkt. 5. Washington State imposes a one-year statute of limitations on the filing of a personal restraint petition or other post-conviction challenge. RCW § 10.73.090. In this case, Petitioner was resentenced on October 18, 2021, pursuant to *State v. Blake*, 481 P.3d 521 (Wa. 2021). *See* Dkt. 11-1, Ex. 2. Petitioner did not file a direct appeal, thus, his judgment became final for purposes of state law on October 18, 2021, the date it was filed with the clerk of the trial court. Dkt. 11-2. Ex, 2; RCW § 10.73.090(3)(a); *see also Matter of Amos*, 406 P.3d 707, 713 (Wash. App. Ct. 2017). Petitioner filed his federal Petition on October 6, 2022. Dkt. 1, 5. Thus, on the date the Petition was filed, Petitioner had twelve days until the statute of limitations ran on his state remedies. *See* RCW § 10.73.090(1), (2), (3)(a) (Petitioner has one year from the date the judgment became final to file a petition or motion for post-conviction relief in state court.). Therefore, it appears state remedies remained available for Petitioner at the time he filed his Petition.

The parties did not address this issue in their briefing on the federal Petition. To ensure the parties are provided with an adequate opportunity to brief the issue of whether Petitioner had available state remedies at the time he filed his federal Petition, the Court orders the following:

- Respondent is directed to file, on or before April 12, 2023, a supplemental answer addressing whether Petitioner had state remedies available to him at the time he filed his federal habeas petition on October 6, 2022. The answer shall include information on when Petitioner's October 18, 2021 judgment and sentence became final for

purposes of state law, and how *Brown v. Maass* should impact the Court's analysis of whether Petitioner had state remedies available to him when he filed his federal Petition.

- Petitioner may file a supplemental response brief addressing the same on or before May 3, 2023.

- The supplemental briefs are limited to ten pages and requests for over-length briefs will not be considered by the Court.

The Clerk of Court is directed to re-note the Response to the Petition (Dkt. 10) for consideration on May 3, 2023.

Dated this 24th day of March, 2023.

*/s/ David W. Christel*
David W. Christel
Chief United States Magistrate Judge