1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS MCDANIEL,

                            Petitioner,

        v.

JASON BENNETT

                            Respondent.

CASE NO. 3:22-cv-05753-BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter is before the Court on Magistrate Judge David W. Christel's Report and Recommendation (R&R), Dkt. 19, which concludes Petitioner Dennis McDaniel's grounds for relief are procedurally barred and recommends the Court dismiss his 28 U.S.C. § 2254 petition with prejudice and not issue a certificate of appealability. McDaniel objects, arguing that he meets the standard to overcome the procedural default rule due in part to various alleged errors by his trial counsel, including failing to object to his sex offender log entry, which erroneously included a prior conviction for rape of a child, and failing to object to and allegedly concealing the declaration for determination of probable cause. Dkt. 22. The Court adopts the R&R over McDaniel's objections.

Judge Christel thoroughly addresses McDaniel's arguments and correctly determined that

his claims are barred by the procedural default rule.

## I.   BACKGROUND

A jury found McDaniel guilty of one count of child molestation in the first degree

in February 2011. Dkt. 11-1, Ex. 1; *see also* Dkt. 11-1, Ex. 2. After the state court of

appeals affirmed his conviction on direct appeal, McDaniel sought varied state and

federal appellate relief, including through filing a motion for discretionary review,[1]

personal restraint petitions (PRPs)[2], and habeas filings[3]  before filing the instant § 2254

petition, Dkt. 1. These filings are detailed thoroughly in the R&R. Dkt. 19, at 3–6.

McDaniel makes no objection to the Magistrate Judge's overview of his appellate filings.

Accordingly, the Court incorporates the overview of McDaniel's appellate filings on

pages three through six of the R&R by reference and will not repeat it at length here.

McDaniel filed the instant § 2254 petition raising three grounds for relief:

1. His rights under the Fourth Amendment, Fourteenth Amendment, and
Due Process were violated when the sex offender registration log
erroneously showed he had a prior conviction for rape of a child, for which
he registered as a sex offender;

2. His rights were violated when the declaration for determination of
probable cause used for his case erroneously included a prior conviction for
rape of a child; and

---

[1] Dkt. 11-1, Exs. 21, 22

[2] Dkt. 11-1, Ex. 12; Dkt. 11-1, Ex. 17; Dkt. 11-1, Ex. 26; Dkt. 11-2, Exs. 33, 34; Dkt. 11-2, Ex. 35

[3] Dkt. 11-2, Ex. 44 (a federal habeas petition, challenging his conviction under the original judgment and sentence. The court denied the claims in the petition on the merits and dismissed it with prejudice. Dkt. 11-2, Exs. 45–47.).

3. His Sixth Amendment right to effective assistance of counsel was violated when trial counsel: (1) failed to challenge the errors in the sex offender registration and declaration in support of probable cause, thereby abandoning the defense based upon identity, (2) failed to challenge the lack of a timely arraignment on the amended information, and (3) instructed the prosecutor on how to include the alternative charge of child molestation in the amended information.

Dkt. 5 at 5, 7, 8. Judge Christel issued an order directing the parties to address whether McDaniel had state remedies available to him at the time he filed his federal petition. Dkt. 16. The parties filed the required briefing, and Judge Christel issued the R&R recommending that the Court dismiss McDaniel's petition with prejudice and not issue a certificate of appealability. Dkt. 19 at 22.

The R&R rests on two key conclusions. First, McDaniel failed to properly exhaust his state court remedies before filing his federal petition. It concludes that McDaniel "did not present these claims in his direct appeal or in his original, timely, PRP" but instead "tried to raise these claims in subsequent collateral challenges, as either motions or successive PRPs." Dkt. 19 at 11.

Second, the procedural default rule bars McDaniel's federal claims. Dkt. 19 at 11–14. The procedural default rule bars consideration of a federal claim when it is clear the state court has been presented with the federal claim but declined to reach the issue for procedural reasons or it is clear the state court would hold the claim procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223, 1230–31 (9th Cir. 2002). The R&R concludes that McDaniel's claims are procedurally defaulted because if he attempted to raise his claims in a subsequent PRP, the state would find the claims barred by Washington's one-year statute of limitations on filing a PRP. Dkt. 19 at 12. It determined that the one-year

limitations period began on November 20, 2013, when the court of appeals issued a

mandate finalizing McDaniel's direct appeal, not on October 18, 2021, when he was

resentenced pursuant to *State v. Blake*, 197 Wn.2d 170 (2021). *Id.* Finally, the R&R

concludes that McDaniel cannot satisfy the stringent standard to overcome procedural

default because he fails to "show some objective factor external to his defense prevented

him from complying with the State's procedural bar rule" and "also fails to carry his

burden of establishing any alleged trial errors worked to his actual and substantial

disadvantage, infecting his entire trial with errors of constitutional dimensions." *Id.* at 14.

McDaniel objects. He argues that he meets the standard to overcome procedural

default, Dkt. 22 at 8–9; that the pretrial identity mix-up with his brother was not resolved

during trial, Dkt. 22 at 2, and that although he does not present a formal actual innocence

claim, such a claim is not necessary for him to obtain habeas relief. *Id.* at 4–5.

## II.   DISCUSSION

"The district judge must determine de novo any part of the magistrate judge's

disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). A party properly objects

when the party files "specific written objections" to the report and recommendation as

required under Federal Rule of Civil Procedure 72(b)(2).

"[I]n providing for a de novo determination . . . Congress intended to permit

whatever reliance a district judge, in the exercise of sound judicial discretion, chose to

place on a magistrate's proposed findings and recommendations." *United States v.*

1    *Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly,

2    when a district court adopts a magistrate judge's recommendation, the district court is

3    required to merely "indicate[] that it reviewed the record de novo, found no merit

4    to . . . [the] objections, and summarily adopt[] the magistrate judge's analysis in [the]

5    report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023).

6    In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at

7    437.

8         The R&R thoroughly addresses the arguments McDaniel makes in his objections.

9    It correctly concludes that the mix-up of identities with McDaniel's brother Kenneth[4] did

10   not affect the outcome of his trial. Dkt. 19 at 20 n.5. There appear to be two instances

11   where McDaniel was mistaken for his brother in the present case. First, the declaration of

12   probable cause named Kenneth in the case title, although the declaration correctly named

13   McDaniel in the body of the document. Dkt. 11-2. The Washington Supreme Court

14   correctly concluded that not only was the mistake immaterial, but this document was

15   "plainly" available before trial and therefore cannot be "newly discovered" for purposes

16   of overcoming RCW 10.73.100's one-year time bar. Dkt. 11-2 at 337.

17        Second, during McDaniel's trial, a photographic exhibit that purported to depict

18   McDaniel was in fact a photograph of Kenneth. Dkt. 11-2 at 337. The Washington

19   Supreme Court correctly concluded that this too failed to impact the outcome of trial,

20   because "the parties addressed the matter by stipulating that the defendant in court was

21   _____

22        [4] The Court refers to Kenneth McDaniel by his first name to distinguish him from Petitioner
     Dennis McDaniel. No disrespect is intended.

1   Mr. McDaniel, that the photograph in the exhibit was of Kenneth McDaniel, and that

2   Kenneth McDaniel had no access to the alleged victim during the time period the State

3   alleged the crime occurred." Dkt. 11-2 at 337.

4        Judge Christel additionally addressed and rejected McDaniel's arguments that he

5   can overcome the procedural default rule: "By merely reiterating his claims made in state

6   court regarding the information provided in the sex offender registration log and

7   declaration in support of probable cause that related to his brother Kenneth rather than

8   himself, a misunderstanding that was resolved prior to trial, Petitioner makes no colorable

9   showing of actual innocence to overcome the procedural default bar." *Id.* at 20–21. The

10  Court concludes that the instances of mistaking McDaniel for his brother Kenneth did not

11  affect the outcome of McDaniel's trial and adopts Judge Christel's conclusion that

12  McDaniel cannot overcome the procedural default bar.

13       Finally, McDaniel objects that the R&R incorrectly assumes that he made an

14  actual innocence claim. Dkt. 22 at 4. The R&R's discussion of actual innocence in the

15  procedural default bar analysis does not change this calculus. Pro se filings frequently

16  do not contain all necessary legal citations or terminology, and in such situations, the

17  Court holds the pro se plaintiff's pleadings "to less stringent standards than formal

18  pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In other

19  words, at times courts may include correct legal terminology where a pro se plaintiff

20  failed to include it. The discussion of actual innocence in the R&R does not change the

21  Court's conclusion that McDaniel's claims are barred under the procedural default rule.

22

1

### III.  ORDER

2      The Court, having considered the R&R, McDaniel's objections, and the remaining

3   record, orders as follows:

4      (1)    Petitioner McDaniel's Objections are **OVERRULED;**

5      (2)    The R&R is **ADOPTED**;

6      (3)    McDaniel's Petition, Dkt. 5, is **DISMISSED with prejudice**;

7      (4)    The Court will not issue a certificate of appealability.

8   Dated this 10th day of October, 2023.

9

10   _____

11   BENJAMIN H. SETTLE
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22